**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **CAROL KRAEMER, individually and on behalf of similarly situated individuals** | § § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO.** <u>1:21-CV-00398</u> |
| **v.** | § § § | |
| **CROSSOVER MARKET, LLC, TRIOLOGY ENTERPRISES, INC. AND ESW CAPITAL, LLC** | § § § § | |
| **Defendants** | § | |

## ORIGINAL COMPLAINT

Plaintiff, CAROL KRAEMER, ("Plaintiff" or "Kraemer"), and on behalf of all others similarly situated, by and through her undersigned counsel, hereby brings this action against Defendants, Crossover Market, LLC, Trilogy Enterprises, Inc., and ESW Capital, LLC ("Defendants"), pursuant to the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 et seq (1994 ed. and Supp. III)("FLSA").

## PARTIES

1.      Plaintiff Kramer worked exclusively for Crossover Market, LLC, Trilogy Enterprises, Inc., and ESW Capital, LLC, as an hourly worker from about October 2018 until about May 2020. Throughout her employment with Defendants, she was paid by the hour with no overtime compensation and was classified as an independent contractor.

2.      Kraemer brings this action on behalf of herself and all other similarly situated workers who were classified as independent contractors and paid by Defendants as hourly workers. Defendants paid each of these workers an hourly rate and failed to pay them overtime for all hours

that they worked in excess of 40 hours in a workweek in accordance with the FLSA. The class of similarly situated employees ("Hourly Employees") consists of:

> Current and former hourly workers employed by, or working on behalf of, Crossover Market, LLC, Triology, Inc., during the past three years who were classified as independent contractors and paid by the hour.

3.    From about October 2018 to May 2020, Defendants employed Plaintiff as a remote worker and paid her straight time for overtime.

4.    Defendants gave Plaintiff the titles of Vice President of Finance, Revenue Recognition, and Accounting Controller, and paid her on an hourly basis.

5.    Plaintiff, CAROL KRAEMER, was an "employee" of Defendants, as that term is defined by the FLSA. During her employment with the Defendants, the Plaintiff was individually and directly engaged in interstate commerce by her regular and recurring use the instrumentalities thereof as part of her regular and recurring job duties, and her work was essential to Defendants' businesses. Plaintiff would use emails to request wire transfers, internet banking, mail and interstate telephone.  Many of the companies that Plaintiff handled accounting for were located out of state.

6.    Defendant CROSSOVER MARKET, LLC, ("Crossover") is a professional corporation formed and existing under the laws of the State of Texas and which maintains and operates a recruitment and contractor clearinghouse business in Travis County, Texas, and is subject to the provisions of the FLSA because at all relevant times it engaged in interstate commerce or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. §§203(r) and (s).

7.    Defendant Crossover Market, LLC is a Foreign Limited Liability Company whose registered agent for service of process is Registered Agents, Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

8.     Crossover markets itself as a cloud-based company that recruits talented workers internationally to work remotely through cloud platforms.

> "At Crossover, we understand that you're looking for professional growth and competitive compensation. That's just what we offer to candidates who have the skills to stand out, and the willingness to complete our rigorous evaluation process. Our jobs are location-independent, long-term, and offer competitive hourly rates by U.S. standards."

https://www.crossover.com/pages/for-candidates

9.     The company offers jobs to qualified candidates and arranges for them to apply for positions (i.e. Engineering, Finance, Marketing, Operations, and Product Management Positions), receive training, and work remotely.  https://www.crossover.com/jobs

10.    Defendant, ESW CAPITAL, LLC, ("ESW") owns and operates Crossover. ESW describes itself as a company that is "[b]ased in Austin, Texas, the ESW Capital group specifically focuses on buying, strengthening, then growing mature business software companies." https://www.linkedin.com/company/eswcapital. The company engages in interstate commerce by "taking advantage of its unique operating platform, ESW revitalizes its acquisitions for sustainable success while making customer satisfaction a top priority. ESW and its affiliated companies have been in the enterprise software space since 1988, and the group includes notable brands such as Aurea, Ignite Technologies, Trilogy, and Versata" https://www.linkedin.com/company/eswcapital

11.    Defendant ESW Capital, LLC is a Foreign Limited Liability Company whose registered agent for service of process is Capitol Corporate Services, Inc 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

12.    Trilogy Enterprises, Inc. (DE) ('Trilogy") is wholly owned by Trilogy, Inc. (DE) a sister company to ESW Capital LLC with shared ownership.  ESW Capital is referred to as "The Group" or Shareholders of Trilogy Inc (DE) and ESW Capital LLC (DE), and others. Trilogy

Enterprises Inc. is the company that runs the shared corporate services for all of the companies owned by ESW.  Plaintiff's position was with Trilogy Enterprises Inc.

13.     Defendant Trilogy Enterprises Inc. is a Foreign For-Profit Corporation whose registered agent for service of process is Capitol Corporate Services, Inc 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

14.     ESW Capital, LLC is the umbrella company that owns and operates Crossover and Trilogy.

15.     Crossover, Trilogy, and ESW Capital, employed and/or jointly employed Kraemer and the Hourly Workers.

16.     Crossover, Trilogy, and ESW Capital, are joint employers for purposes of the FLSA. See 29 C.F.R. § 791.2.

17.     Crossover is the personnel hub and clearing house that assigned corporate resources to be assigned to the ESW Capital Group; Crossover also performs some contractor management for other companies not owned/wholly owned by ESW. Crossover assigns Plaintiff to work for companies owned by ESW Capital Group.

18.     ESW Capital Group is a private equity fund whose strategy is to acquire software/tech companies, bring them under group management, as part of acquisition strategy it shuts down all physical offices and generally lays off all staff including back office, support, and shared service staff (accounting, finance, legal), in their stead uses resources already working through Crossover Market, LLC.  In the case of back office and professional services and support these employees would be Trilogy Enterprises, Inc. staff, additional resources would be hired from Crossover Market, LLC should additional workload require additional resource.

19.     ESW Capital Group, Trilogy Enterprises Inc and Crossover Markets LLC are joint employers and operate as a single enterprise.

20.     At all times material to this complaint, Defendants had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

## FACTS

21.     Joe Liemandt is an Austin Billionaire that owns ESW Capital Group – ESW Capital LLC, Crossover Markets LLC, and Trilogy Enterprises Inc, among others.

22.     ESW Capital is Liemandt's private equity firm located in Austin.

23.     Mr. Liemandt uses ESW Capital to buy distressed or underperforming technology companies.

24.     In order to staff the companies, he acquires, Mr. Liemandt owns a little-known recruiting firm called Crossover Market, LLC.

25.     Crossover is a national and international recruiting company that searches for developers and software engineers as well as back-office staff (Accounting, Finance, Legal, Customer Service, etc.). Crossover has remote workers that work from home, cafes, and remote places all over the globe.

26.     Crossover assigns back-office staff like Plaintiff (for Trilogy Enterprises Inc) to support the numerous companies owned by ESW Capital.

27.     Crossover and Trilogy apply the same operations and pay policies to U.S. workers that it does to workers they hired abroad.

28.     For the least the past three years, Kraemer and the Hourly Workers were engaged in commerce or in the production of goods for commerce.

29.     Crossover and Trilogy treated Kraemer and the Hourly Workers as employees and uniformly dictated the pay practices to which Kraemer and their other employees (including so-called "independent contractors") were subjected.

30.     Crossover and Trilogy misclassification of Kraemer and independent contractors does not alter its status employers for the purpose of this FLSA collective action.

31.     During her employment, Defendants paid Plaintiff on an hourly basis.

32.     Plaintiff's primary duties were to provide basic accounting functions for ESW's companies, support auditors in gathering documents requested on audit lists provided by auditors.

33.     As ESW acquires new companies, the accounting would be integrated into ESW family.

34.     Defendants controlled Plaintiff's work and activities through the degree of control exercised by the alleged employer. Management would set weekly and monthly goals for Plaintiff to achieve. For example, management would give Plaintiff deadlines when she must generate certain reports. Plaintiff's hours of work varied based on Defendants' assignments and workload for the week.

35.     The relative investments of ESW into the operation is greater than Plaintiff:

   a.   Plaintiff used computers and the existing home internet service that has dual use for personal and work.

   b.   Defendants invested in leased space in the Frost Bank building on 401 Congress Ave, Ste 2650  Austin, TX 78701, paid for hundreds of support and management staff, cloud software time management software (Worksmart Pro), SaaS accounting software (Intaact and NetSuite), G-Suite (email, drive, and productivity tools - sheets, docs, etc.), Amazon Web Services (AWS) for the group.

36.     Defendants set Plaintiff's hourly rate of pay when they hired her. The hourly rate of pay was not negotiable.  The Defendants set the number of hours Kraemer worked each week.

37.     Defendants controlled Plaintiff's hours and used a software that audits her key stroke and presence before the web cam on her computer.

38.     Defendants required Plaintiff to download and install the surveillance software when she started working for the company.

39.     If the audit team and software checked in on Kraemer and did not see her working, they would not pay her for that 10-minute time frame.

## COLLECTIVE/CLASS ACTION ALLEGATIONS

40.     Kraemer, bring this claim under Section 216(b) of the FLSA as a collective action.

41.     The same policy that caused Kraemer, to be denied their overtime pay caused Defendants' other hourly workers to be denied their overtime pay.

42.     While the precise job duties performed by the FLSA Collective members might vary somewhat, these differences don't matter for the purposes of determining their entitlement to overtime.

43.     Nor do any differences in job duties matter for determining whether Defendants' policy of not paying hourly workers overtime is legal.

44.     The members of the FLSA Collective are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

45.     Because Defendants uniformly failed to pay overtime to all hourly workers, Plaintiff(s) and the FLSA Collective members are similarly situated within the meaning of 29 U.S.C. § 216(b).

46.     Upon information and belief, Defendants employed numerous hourly employees like Plaintiff during the past three (3) years.

47.     Nearly all of the questions related to Plaintiff and the FLSA Collective can be answered on a collective basis.

48.     Defendants' practice of refusing to pay hourly workers overtime is based on established companywide policies.

49.     The most important questions presented in this case can be resolved on a collective-wide basis.

50.     Absent a collective action, many members of the FLSA Collective likely will not obtain redress of their injuries and Defendant(s) will retain the proceeds of its violations of the FLSA.

51.     Furthermore, individual litigation would be unduly burdensome to the judicial system.

52.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

**STRAIGHT TIME FOR OVERITME**

53.     Plaintiff typically worked 60 hours a week. Defendants paid Plaintiff straight time for overtime.

**OFF THE CLOCK WORK**

54.     Crossover and Trilogy workers must agree to install spyware on their computers so Crossover's productivity team in India can track the number of times they click their mouse or stroke their keyboard. The tracking software takes screenshots every ten minutes and snaps photos from PC webcam.

https://www.forbes.com/sites/nathanvardi/2018/11/19/how-a-mysterious-tech-billionaire-created-two-fortunesand-a-global-software-sweatshop/#6310d6846cff

55.     As a condition to working for Trilogy, Plaintiff agreed to install Crossover's tracking software and subjected herself to be timed and compensated based on the software's tracking of her activities.

56.     Plaintiff's work was not always based on the computer.

57.     Many times during the day, Plaintiff would print out a document to review or write on.

58.     Plaintiff would receive phone calls from work when she is not in front of the computer webcam.

59.     Plaintiff regularly had Zoom video conferences on her mobile phone away from her computer webcam.

60.     Crossover's spyware software would not give credit for Plaintiff's work when it did not detect her sitting in front of the computer, keystrokes on her keyboard or movement of her mouse.

61.     Crossover has workers in India whose job is to watch the Trilogy workers through video feed provided by the Spyware software and established recorded basis for withholding pay for inactivity.

62.     Crossover's surveillance team has provided Trilogy with the basis to deduct time from Plaintiff's work time because they did not detect her working in front of her computer.

63.     As a result, Plaintiff would not be paid for all hours worked.

64.     There are limited skills and initiative required in running standard accounting reports and verify their accuracy.

65.     Plaintiff worked for Defendants from October 2018 until May 2020.

66.     Even though Plaintiff regularly worked over 40 hours a week, Defendants did not pay her overtime premium. Instead, Defendants only paid Plaintiff at straight time for overtime.

## JURISDICTION AND VENUE

67.     This Court has jurisdiction under the FLSA pursuant to 28 U.S.C. §I331 and 29 U.S.C. §216(b).

68.     Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.

69.     At all times material to this complaint, Defendants employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

70.     At all times material to this complaint, Defendants were an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

## UNPAID OVERTIME WAGES

71.     Between October 2018 to May 2020, Plaintiff worked numerous workweeks in excess of 40 hours per week.

72.     Defendants paid Plaintiff on an hourly basis.

73.     During the weeks of employment where Plaintiff worked more than 40 hours, Defendants failed to pay Plaintiff time and one-half her regular rate of pay as required by the FLSA.

74.     At all times relevant to this case, the Defendants had knowledge of Plaintiff's regular and overtime work. Defendants approved Plaintiff's work and hours. Plaintiff's work benefitted Defendants.

75.     Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

76.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime, which was not paid, and which should have been paid at the proper overtime premium.

77.     Plaintiff further seeks liquidated damages as Defendants' conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

78.     Plaintiff also seeks compensation of recoverable expenses, costs of court, and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

79.     Plaintiff has retained the law firm of Tran Law Firm to represent her in this suit. Plaintiff has entered into a valid contract with Tran Law Firm and has appointed that firm and the undersigned counsel to be her sole agent, attorney in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to their attorneys in this suit, all communications concerning this suit must be made by Defendants and Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with representation by Tran Law Firm and the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect from Defendants pursuant to 29 U. S. C. § 216(b).

**PRAYER FOR RELIEF**

Plaintiff, CAROL KRAEMER, prays that the Court assume jurisdiction of this cause and that Defendants be cited to appear. Plaintiff prays that the Court award the following relief, under law and equity, as applicable:

     a. An order finding Crossover, Trilogy, and ESW Capital to be joint employer pursuant to the FLSA and state laws.

     b. Judgment against Defendants, jointly and severally, for all unpaid overtime wages found to be due and owing;

     c. Judgment against Defendants, jointly and severally, that their violations of the FLSA were willful;

     d. Judgment against Defendants, jointly and severally, for an amount equal to the unpaid overtime compensation as liquidated damages;

     e. If liquidated damages are not awarded, an award of pre-judgment interest;

     f. Post-judgment interest at the applicable rate;

     g. All costs, recoverable expenses and attorney's fees incurred in prosecuting these claims;

     h. Leave to amend to add claims under applicable state laws, if necessary; and

     i. For such further relief as the Court deems just and equitable to which Plaintiff is entitled.

## JURY TRIAL DEMAND

Plaintiff, CAROL KRAEMER, hereby demands a trial by jury on all claims she has asserted in this Complaint.

Respectfully Submitted,

TRAN LAW FIRM

*/s/ Trang Q. Tran*
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner, Suite 104
Houston, Texas 77063
Telephone: (713) 223-8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF**