# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| CAROL KRAEMER, individually and on behalf of similarly situated individuals, | § § § § |
| Plaintiff, | § CIVIL ACTION NO. 1:21-CV-00398-LY |
| v. | § § |
| CROSSOVER MARKET, LLC, TRILOGY ENTERPRISES, INC. AND ESW CAPITAL, LLC, | § JURY TRIAL DEMAND § § § |
| Defendants. | § § |

## DEFENDANT ESW CAPITAL, LLC'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Defendant ESW CAPITAL, LLC ("**ESW**" or "**Defendant**") by and through the undersigned counsel of record, and hereby submits this Answer to Plaintiff's Original Complaint, and respectfully states as follows:

### PARTIES

1. ESW denies that it had any direct relationship with Plaintiff. Defendant ESW lacks sufficient information to admit or deny the allegations as to Defendants Trilogy Enterprises, Inc. ("**Trilogy**") and Crossover Market, LLC ("**Crossover**"). All allegations not expressly admitted herein are denied.

2. Defendant admits Plaintiff purports to bring this action on behalf of herself and other allegedly similarly situated individuals. Defendant denies that Plaintiff's proposed definition of potential class members is appropriate in this case, or that class certification is appropriate in any manner. Defendant further denies that it had any direct relationship with Plaintiff or that it violated the Fair Labor Standards Act of 1938 (FLSA).

3. ESW denies that it had any direct relationship with Plaintiff. Defendant ESW lacks sufficient information to admit or deny the allegations as to Crossover or Trilogy. All allegations not expressly admitted herein are denied.

4. ESW denies that it had any direct relationship with Plaintiff. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 4. All allegations not expressly admitted herein are denied.

5. Defendant denies that Plaintiff was its "employee" or had any direct relationship with Plaintiff. The statement that Plaintiff was "engaged in interstate commerce" constitutes a legal conclusion to which no answer is required. Defendant denies that Plaintiff's work was "essential" to its business. At this time, Defendant lacks sufficient knowledge to admit or deny the allegations concerning the Plaintiff's alleged use of e-mails, internet banking, and interstate telephones. All allegations not expressly admitted herein are denied.

6. Based on publicly available information, Defendant denies that Crossover is a professional corporation formed under the laws of the State of Texas. The remaining allegations contained in Paragraph 6 constitute legal conclusions to which no answer is required. All allegations not expressly admitted herein are denied.

7. ESW admits the allegations in Paragraph 7 based on publicly available information.

8. Defendant responds that the internet page referenced in Paragraph 8 speaks for itself. All allegations contained in Paragraph 8 not expressly admitted herein are denied.

9. Defendant responds that the cited internet page speaks for itself. All allegations not expressly admitted herein are denied.

10. Defendant denies that ESW owns and operates Crossover Market, LLC. The statement that ESW was "engaged in interstate commerce" constitutes a legal conclusion to which no answer is required. Defendant further responds that the cited internet pages speaks for themselves. All allegations not expressly admitted herein are denied.

11. Admitted.

12. The term "sister company" is vague and ambiguous, and therefor Defendant lacks sufficient knowledge or information to admit or deny whether Trilogy Enterprises, Inc. is a "sister company" to ESW. All allegations not expressly admitted herein are denied.

13. ESW admits the allegations in Paragraph 13 based on publicly available information.

14. Denied.

15. The allegations contained in Paragraph 15 comprise legal conclusions to which no answer is required. All allegations not expressly admitted herein are denied.

16. The allegations contained in Paragraph 16 comprise legal conclusions to which no answer is required. All allegations not expressly admitted herein are denied.

17. Denied.

18. Denied.

19. The allegations contained in Paragraph 19 comprise legal conclusions to which no answer is required. All allegations not expressly admitted herein are denied.

20. The allegations contained in Paragraph 20 comprise legal conclusions to which no answer is required. ESW denies that it had any direct relationship with Plaintiff. All allegations not expressly admitted herein are denied.

## FACTS

21. Defendant admits that Mr. Liemandt owns an interest in ESW Capital, LLC. ESW lacks sufficient knowledge or information to admit or deny the remaining allegations. All allegations not expressly admitted herein are denied.

22. Defendant admits that ESW Capital, LLC is located in Austin, Texas. All allegations not expressly admitted herein are denied.

23. Denied.

24. Defendant lacks sufficient knowledge or information to admit or deny whether Crossover Market, LLC is "little known." ESW lacks sufficient knowledge or information to admit or deny the remaining allegations. All allegations not expressly admitted herein are denied.

25. ESW lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 25. All allegations not expressly admitted herein are denied.

26. ESW lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 26. All allegations not expressly admitted herein are denied.

27. ESW lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 27. All allegations not expressly admitted herein are denied.

28. The allegations in Paragraph 28 comprise legal conclusions to which no answer is required. All allegations not expressly admitted herein are denied.

29. ESW denies that it had any direct relationship with Plaintiff. ESW lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 29. All allegations not expressly admitted herein are denied. All allegations not expressly admitted herein are denied.

30. The allegations contained in Paragraph 30 comprise legal conclusions to which no answer is required. ESW denies that it had any direct relationship with Plaintiff. All allegations not expressly admitted herein are denied.

31. Defendant denies that Plaintiff was an employee or that ESW had any direct relationship with Plaintiff. All allegations not expressly admitted herein are denied.

32. Defendant denies that that ESW had any direct relationship with Plaintiff. All allegations not expressly admitted herein are denied.

33. Defendant responds that the phrase "integrated into ESW family" is vague and subject to numerous and varying interpretations. Accordingly, Defendant lacks sufficient information to admit or deny the allegation. All allegations not expressly admitted herein are denied.

34. Defendant denies that Plaintiff was an employee or that ESW had any direct relationship with Plaintiff. All allegations not expressly admitted herein are denied.

35. Denied.

   a. Defendant lacks sufficient knowledge and information to admit or deny how and under what circumstances Plaintiff used "computers and … home internet service[.]" All allegations not expressly admitted herein are denied.

   b. Defendant denies that it invested in leased space in the building referenced in this subparagraph. ESW lacks sufficient information to admit or deny the remaining allegations in this subparagraph. All allegations not expressly admitted herein are denied.

36. Defendant denies that Plaintiff was an employee or that ESW had any direct relationship with Plaintiff. All allegations not expressly admitted herein are denied.

37. Defendant denies that ESW had any direct relationship with Plaintiff. All allegations not expressly admitted herein are denied.

38. Defendant denies that ESW had any direct relationship with Plaintiff and further denies that it employs "surveillance" software. All allegations not expressly admitted herein are denied.

39. Denied.

## COLLECTIVE/CLASS ACTION ALLEGATIONS

40. Defendant admits Plaintiff purports to bring this claim pursuant to the FLSA as a collective action. All allegations not expressly admitted herein are denied.

41. Denied.

42. The allegations in Paragraph 42 constitute legal conclusions to which no answer is required. Defendant denies that ESW had any direct relationship with Plaintiff. Defendant denies that any individual classified as an independent contractor by Defendant—was misclassified. All allegations not expressly admitted herein are denied.

43. The allegations in Paragraph 43 constitute legal conclusions to which no answer is required. Defendant denies that—at any time—it engaged in or instituted any unlawful policy or practice. All allegations not expressly admitted herein are denied.

44. Defendant responds that the FLSA speaks for itself. All allegations not expressly admitted herein are denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## **STRAIGHT TIME FOR OVERTIME**

53. Defendant denies that ESW had any direct relationship with Plaintiff. All allegations not expressly admitted herein are denied.

## **OFF THE CLOCK WORK**

54. Defendant denies that ESW had any direct relationship with Plaintiff. Defendant further responds that the cited internet page speaks for itself. ESW lacks sufficient knowledge or information to admit or deny the allegations in this paragraph. All allegations not expressly admitted herein are denied.

55. Defendant denies that ESW had any direct relationship with Plaintiff. All allegations not expressly admitted herein are denied.

56. Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph. All allegations not expressly admitted herein are denied.

57. Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph. All allegations not expressly admitted herein are denied.

58. Defendant lacks sufficient knowledge or information to admit or deny the allegations in the paragraph. All allegations not expressly admitted herein are denied.

59. Defendant lacks sufficient knowledge or information to admit or deny the allegations in the paragraph. All allegations not expressly admitted herein are denied.

60. Defendant lacks sufficient knowledge or information to admit or deny the allegations in the paragraph. All allegations not expressly admitted herein are denied.

61. Defendant lacks sufficient knowledge or information to admit or deny the allegations in the paragraph. All allegations not expressly admitted herein are denied.

62. Defendant lacks sufficient knowledge or information to admit or deny the allegations in the paragraph. All allegations not expressly admitted herein are denied.

63. Defendant denies that ESW had any direct relationship with Plaintiff. ESW lacks sufficient knowledge or information to admit or deny the remaining allegations in the paragraph. All allegations not expressly admitted herein are denied.

64. Defendant responds that this paragraph as currently worded is undecipherable and, accordingly, Defendant cannot admit or deny the allegations therein. The allegations in this paragraph, moreover, appear to constitute statements of opinion regarding the skill set required to run accounting reports, to which no response is required. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in the paragraph. All allegations not expressly admitted herein are denied.

65. Defendant denies that ESW had any direct relationship with Plaintiff. All allegations not expressly admitted herein are denied.

66. Defendant denies that ESW had any direct relationship with Plaintiff. All allegations not expressly admitted herein are denied.

## **JURISDICTION AND VENUE**

67. The statements contained in this paragraph constitute legal conclusions to which no answer is required. Defendant further responds that the cited statutes speak for themselves. Defendant does not deny that this Court has jurisdiction.

68. The statements contained in this paragraph constitute legal conclusions to which no answer is required. Defendant further responds that the cited statute speaks for itself. Defendant does not deny that venue is proper in this judicial district.

69. Admitted.

70. The statements contained in this paragraph constitute legal conclusions to which no answer is required. Defendant further responds that the cited statute speaks for itself.

## **UNPAID OVERTIME WAGES**

71. At this time, Defendant lacks sufficient knowledge or information to admit or deny the allegations in the paragraph. All allegations not expressly admitted herein are denied.

72. Defendant denies that ESW had any direct relationship with Plaintiff. All allegations not expressly admitted herein are denied.

73. Defendant denies that ESW had any direct relationship with Plaintiff. All allegations not expressly admitted herein are denied. Defendant denies it violated the FLSA. All allegations not expressly admitted herein are denied.

74. Defendant denies that ESW had any direct relationship with Plaintiff. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in the paragraph.

75. Denied.

76. Denied.

77. Defendant admits that Plaintiff purports to seek the referenced damages. Defendant denies Plaintiff is entitled to any damages of any nature whatsoever. Defendant further denies it has, at any time, acted unlawfully. All allegations not expressly admitted herein are denied.

78. Defendant admits that Plaintiff purports to seek the referenced damages. Defendant denies Plaintiff is entitled to any damages of any nature whatsoever.

79. Defendant admits that Plaintiff has retained the Tran Law Firm to represent her. Defendant lacks sufficient knowledge or information to admit or deny the particular circumstances of Plaintiff's engagement with the referenced law firm. The statements in this paragraph regarding the avoidance of "tortious interference" comprise legal conclusions to which no answer is required. Defendant denies that Plaintiff is entitled to any category of damages whatsoever, including without limitation attorneys' fees. All allegations not expressly admitted herein are denied.

## PRAYER FOR RELIEF

With respect to the unnumbered paragraph beginning with the word "Plaintiff," and continuing through subparts (a) through (i) thereunder, Defendant admits only that Plaintiff purports to seek the relief sought therein. Defendant denies that Plaintiff is entitled to any of the relief sought by way of this action.

## JURY TRIAL DEMANDED

Defendant admits that Plaintiff has demanded a trial by jury.

## GENERAL DENIAL

Defendant denies all allegations in the Complaint that are not specifically admitted or denied above.

## AFFIRMATIVE DEFENSES

Separately and as defenses to each cause of action in Plaintiff's Complaint, Defendant alleges the following affirmative defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that are Plaintiff's burden to prove under the law. Defendant does not presently know all of the facts and circumstances respecting Plaintiff's

claims and therefore reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of additional defenses.

### FIRST AFFIRMATIVE DEFENSE:  STATUTE OF LIMITATIONS

Plaintiff and putative class members' purported causes of action are barred, in whole or in part, by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE:  NO WILLFUL VIOLATION

Plaintiff and putative class members' purported causes of action are barred, in whole or in part, pursuant to 29 U.S.C. § 255, because any alleged violation of the FLSA was not willful and therefore Plaintiff and putative class members' FLSA claims must be commenced within two years after the claims accrued.

### THIRD AFFIRMATIVE DEFENSE:  FULLY COMPENSATED FOR HOURS WORKED

Plaintiff and putative class members' purported claims are barred, in whole or in part, because Plaintiff was paid all sums of money to which she was entitled as compensation for hours worked.

### FOURTH AFFIRMATIVE DEFENSE:  DE MINIMIS TIME NOT COMPENSABLE

Even if Plaintiff was not paid and putative class members overtime wages for certain activities, Plaintiff is not entitled to compensation for such time because it is de minimis as a matter of law and, therefore, does not constitute 'hours worked' pursuant to 29 C.F.R. § 785.47.

### FIFTH AFFIRMATIVE DEFENSE:  WAIVER

Plaintiff and putative class members have waived their right to assert the purported claims contained in the Complaint, including to the extent that Plaintiff or putative class members previously settled any disputes concerning issues alleged in the Complaint.

Accordingly, Plaintiff and putative class members are barred from recovering any relief obtained in this action.

### SIXTH AFFIRMATIVE DEFENSE: OFFSET

Assuming arguendo that Plaintiff and putative class members were not paid certain wages, Defendant is entitled to an offset or deduction for any overpayments of any regular wages or overtime wages paid to Plaintiff that do not constitute hours worked and/or do not require overtime compensation pursuant to the FLSA.

### SEVENTH AFFIRMATIVE DEFENSE: GOOD FAITH RELIANCE ON DEPARTMENT OF LABOR STANDARDS

Plaintiff and putative class members' purported causes of action are barred—in whole or in part—because Defendant acted in good faith, in conformity with, and in reliance upon, regulations, written rulings, or enforcement policies of the Department of Labor.

### EIGHTH AFFIRMATIVE DEFENSE: NO BASIS FOR CLASS ACTION

Plaintiff's allegations in the Complaint on behalf of Plaintiff and the putative class members, that the action is appropriate as a representative action or for certification as a class action, are without basis and lack foundation.

### NINTH AFFIRMATIVE DEFENSE: NO COGNIZABLE OR APPROPRIATE CLASS

Plaintiff has failed to state a cognizable class under any applicable rule or law regulating the maintenance of class or collective actions, including but not limited to, Plaintiff's failure to establish the requisite ascertainability, numerosity, commonality, typicality of claims and defenses, and representative status and/or standing. Plaintiff has also failed to establish the requisite procedural and substantive requirements that the proposed class is more efficient than an individual claim.

### TENTH AFFIRMATIVE DEFENSE: GOOD FAITH

Plaintiff and putative class members' claims are barred—in whole or in part—because Defendant lacked the requisite intent or state of mind to commit the acts alleged, acted at all times reasonably and in good faith based on the relevant facts and circumstances known to it at the time it so acted, and did not act willfully, recklessly, or maliciously. Even if Plaintiff or putative class members were not paid overtime wages, it cannot be held liable under 29 U.S.C. §216(b) because the failure to pay was in good faith and not willful. Without admitting any action violated the FLSA, Defendant further avers that any acts or omissions on its part were committed in good faith and Defendant had reasonable grounds for believing that none of such acts were violations of the FLSA. Accordingly, Defendant prays that, if it is found liable in this cause of action, the Court, in the exercise of its discretion, should allow no award of liquidated damages to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE: PROPERLY CLASSIFIED

Plaintiff and putative class members' claims are barred—in whole or in part—because, at all times, Plaintiff and putative class members were properly classified as independent contractors under the law. Consequently, Plaintiff and putative class members, as independent contractors, are not entitled to overtime under applicable laws.

## TWELFTH AFFIRMATIVE DEFENSE: NO RELATIONSHIP

Plaintiff and putative class members' claims are barred—in whole or in part—because at all times, ESW had no direct relationship with them, independent contractor or otherwise.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, or as yet unstated, defenses. Accordingly, it

reserves all rights to assert additional defenses in the event that discovery indicates such defenses are appropriate.

## CONCLUSION AND PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant ESW hereby requests the following:

A. Plaintiff take nothing by way of its suit against Defendant ESW, and that Plaintiff's action be denied and dismissed with prejudice as to the refiling of same; and

B. Defendant ESW be awarded all such other and further relief to which it may be entitled, whether at law or in equity.

Dated: June 14, 2021. Respectfully submitted,

By: */s/ Stephen E. Fox*
Stephen E. Fox
Texas Bar No. 07337260
sfox@sheppardmullin.com
Jonathan E. Clark
Texas Bar No. 24069515
jclark@sheppardmullin.com

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
2200 Ross Avenue, 20th Floor
Dallas, Texas 75201
Telephone: 469.391.7400
Facsimile: 469.391.7401

**ATTORNEYS FOR DEFENDANT ESW CAPITAL, LLC**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this 14th day of June, 2021, a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. All others will be served via electronic mail.

      */s/ Stephen E. Fox*
      Stephen E. Fox